**Natalie A. DOUGLAS, Administratrix, Plaintiff, Appellant,**

v.

**Clayton E. BROWN, Defendant, Appellee.**

**No. 6663.**

United States Court of Appeals
First Circuit.

Heard April 6, 1966.

Decided April 13, 1966.

John Landfield, Boston, Mass., for appellant.

Sturtevant Burr, Boston, Mass., with whom Badger, Parrish, Sullivan & Frederick, Boston, Mass., was on brief, for appellee.

Before. ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

The only question of consequence in this case, involving a collision between a motorcycle and a car, relates to a hospital record. There were two records, the Peter Bent Brigham, and the York. Both contained a statement as to the cause of the accident which conflicted, substantially, with plaintiff's account. These statements were inadmissible under the Massachusetts hospital record statute, Mass.G.L. c. 233, § 79, and defendant appellee does not claim that they were otherwise admissible over objection. Plaintiff read the Peter Bent Brigham record to the jury, except for this statement. A recess was then called. The court instructed the witness, who had brought both records, that the Peter Bent Brigham record "be left." According to the transcript, it added, "The York Hospital Records are also admitted." After the recess, the plaintiff read the York Hospital record to the jury, except for the statement as to the cause of the collision.

After a jury verdict for the defendant, and the exhibits were returned to counsel, plaintiff's counsel discovered, allegedly for the first time, that the York Hospital record had gone to the jury, denominated as a plaintiff's exhibit, as a result of what the court had said. Counsel asserted to the court, and to us, that he had not heard the court's use of the words, "also admitted," and thought it had said, "also left." We do not doubt that counsel spoke the truth. We assume, of course,

that the court said "admitted," but we cannot think it was other than a slip of the tongue. Neither party had offered the York record. Not only was the court's word not responsive to a request, but it made no sense to say "also admitted" after saying, correctly, that the other record embraced by the "also," was "left," not "admitted."

Clearly, plaintiff's counsel was, throughout, conscious of the objectionable statements, and carefully read both records, minus the statement, to the jury, instead of offering them himself. Inescapably, he would have reacted if he had heard that this record was being physically marked.

We do not question but that under proper circumstances, the court may offer its own exhibit. This record was marked plaintiff's exhibit. Furthermore, at a minimum, a court cannot introduce its own exhibit without giving counsel clear notice that it is doing so.

The court disposed of plaintiff's post trial motions by stating that, in its memory, the transcript was accurate, and there was "no error." We are unable to avoid the conclusion that there was manifest error.

In an effort to support the court's denial of plaintiff's motion for new trial, defendant argues that the court is presumed to have found that the error was "not prejudicial." This is not what the court found. It is not to be presumed to have found it because, on its ruling that there was no error, it did not reach that question. While we doubt very much whether the court would have found that the admission of the hospital record contradicting the plaintiff was not prejudicial, we believe it, rather than we, should pass on this question in the first instance.

Judgment will be entered vacating the judgment of the district court and remanding the action to that court to set aside the verdict and grant a new trial unless, after hearing, the court should find its error was not of prejudicial consequence.